IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **KAYLA AYERS,** | : | **Case No.** |
| | : | |
| **Petitioner,** | : | **Judge** |
| | : | |
| **v.** | : | **Magistrate** |
| | : | |
| **DIRECTOR, OHIO DEPARTMENT OF REHABILITATION & CORRECTIONS** | : : | |
| | : | |
| **Respondent.** | : | |

**PETITIONER'S MOTION TO HOLD PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE PENDING EXHAUSTION IN STATE COURT**

Petitioner Kayla Ayers respectfully requests that this Court hold her Petition for Writ of Habeas Corpus in abeyance pending exhaustion of her claims in state court.

Ms. Ayers has raised her federal constitutional claims in state court proceedings, which are still pending. Because of ambiguity in Ohio post-conviction procedures, however, Ms. Ayers cannot know in advance whether her pending state post-conviction motions will be considered "properly filed" for purposes of 28 U.S.C. 2244(d)(2). As a result, consistent with guidance from the United States Supreme Court and the Sixth Circuit Court of Appeals, Ms. Ayers has filed a "protective petition." She requests the Court stay further proceedings on her Petition, pending the final resolution of her state court proceedings.

A. Facts and Procedural Background

On April 13, 2020 Ms. Ayers submitted two filings to the Stark County, Ohio Court of Common Pleas: a *Motion for Leave to File a Motion for New Trial* pursuant to Ohio Crim.R.33(B), and a *Petition for Postconviction Relief* pursuant to Ohio Rev.Code 2953.23. In

1

these Ohio proceedings, Ms. Ayers asserted claims of, *inter alia*, (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) actual innocence, and (4) a violation of her due process rights by supporting her conviction on inherently untrustworthy evidence. All of Ms. Ayer's claims rely on newly discovered predicate facts. Specifically, the July 29, 2019 Lentini Report shows that Inspector Winters's testimony was unscientific and unsupported by the facts, and there is no actual evidence to support the State's "two point of origin" theory.

Both Ohio Crim.R.33(B) and Ohio Rev. Code 2953.23 have indeterminate timing deadlines. Under Ohio Crim.R.33(B), a motion for leave to file a motion for new trial is only "properly filed" if Ms. Ayers shows (1) that she was unavoidably prevented from discovering the basis of her motion within 120 days of trial, and (2) that she sought leave to file a delayed motion for new trial within a "reasonable time" from having discovered the new evidence. *E.g.*, *State v. Hill*, 8th Dist. No. 108250, 2020-Ohio-102, 2020 WL 256688. Although Ms. Ayers has submitted evidence in her favor on both factors, she will not have a final resolution on the issue until the State court proceedings are fully resolved, through any appeal to the Ohio Supreme Court.

Likewise, a delayed Petition for Postconviction Relief is only proper under Ohio law if Ms. Ayers shows that (1) she was unavoidably prevented from discovering the basis of her claim at trail, and (2) that, but-for the constitutional violation, no reasonable factfinder would have convicted her. Ohio Rev. Code 2953.23(A). Again, Ms. Ayers has presented evidence that she meets both factors. She will not have a final, binding resolution from Ohio courts, however, until the matter is fully litigated through the Ohio Supreme Court. In short, Ms. Ayers is likely months or years away from knowing whether or not her state filings will be considered timely under Ohio law, and therefore whether they were "properly filed" for purposes of statutory

tolling of the statute of limitations. 28 U.S.C. 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

In the meantime, the Lentini Report was issued on July 29, 2019. Using this as the triggering date pursuant to 28 U.S.C. 2244(d)(1)(D), Ms. Ayers must submit her federal Petition for Writ of Habeas Corpus within one year. If the statute of limitations is not tolled during pendency of her state postconviction proceedings, pursuant to Section 2244(d)(2), then her deadline to file would be July 29, 2020.

**B.     Argument**

The United States Supreme Court has made it clear that federal courts have the discretion to hold petitions in abeyance pending exhaustion. *Rhines v. Weber*, 544 U.S. 269 (2005). Courts should exercise that discretion and "stay and abey" habeas petitions if the petitioner demonstrates that she has been diligent in pursuing state court exhaustion, can explain the grounds for her previous failure to exhaust, and raises potentially meritorious issues in need of exhaustion. *Id.* at 275. As the Supreme Court has explained:

> It likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.

*Id.* at 278.

The Supreme Court has also recognized that petitioners may not be able to determine, in advance, whether state postconviction proceedings will toll the statute of limitations pursuant to 28 U.S.C. 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). In those circumstances, the Court specifically advised prisoners to "avoid this

predicament *** by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Id*. at 416, citing *Rhines*. The Court confirmed that a petitioner's "reasonable confusion" about whether a state filing would be considered timely "will ordinarily constitute 'good cause' [under the *Rhines* test] to file in federal court." *Id*. at 416-17. *See also*, *Doe v. Jones*, 762 F.3d 1174, 1179–80 (10th Cir.2014); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir.2016); *Heleva v. Brooks*, 581 F.3d 187, 191–92 (3d Cir.2009)

Ms. Ayers is in the exact situation contemplated by the Supreme Court in *Pace*. Her claims are not "plainly without merit," as thoroughly explained and supported in Appendix A to her Petition for Writ of Habeas Corpus. The timing requirements for Ms. Ayers's state court filings are inherently ambiguous, and these requirements create "reasonable confusion" about the application of Section 2244(d)(2) to her circumstances. Ms. Ayers now follows the recommendation of the United States Supreme Court and requests the Court stay proceedings on her "protective petition," pending resolution of her state court proceedings.

## **CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that this Court stay the current proceedings pending exhaustion in the Ohio courts.

    Respectfully submitted,

    /s/ Donald Caster
    Donald R. Caster (0077413)
    Attorney for Petitioner Kayla Ayers
    THE OHIO INNOCENCE PROJECT
    University of Cincinnati College of Law
    P.O. Box 210040
    Cincinnati, OH 45221-0040
    (513) 556-0752
    Donald.Caster@uc.edu

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing pleading was filed electronically, and that a copy is available to opposing counsel via the Court's electronic notification system.

                                      /s/ Donald R. Caster
                                      Attorney for Petitioner