IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **KAYLA AYERS,** | : | **Case No. 5:20-cv-01654** |
| Petitioner, | : | |
| | : | **Judge Sara Lioi** |
| v. | : | |
| | : | **Magistrate Carmen E. Henderson** |
| **DIRECTOR, OHIO DEPARTMENT OF REHABILITATION & CORRECTIONS** | : | |
| | : | |
| Respondent. | : | |

**PETITIONER KAYLA AYERS'S FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254**

Now comes Petitioner Kayla Ayers, by counsel the Ohio Innocence Project, and hereby states as follows for her *First Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. §2254*[1]

1. Petitioner Kayla Ayers ("Kayla") hereby incorporates the attached *Appendix A: Memorandum in Support*, including all exhibits thereto, as though fully pleaded herein.

2. In 2012, Kayla and her young son, Bubba, were at home when a mattress in the basement caught fire. Both Kayla and her son escaped unharmed, except for a cut that Kayla sustained trying to extinguish the fire.

3. In 2013, Kayla was convicted of aggravated arson and endangering children in the Court of Common Pleas for Stark County, Ohio. She was sentenced to seven years' imprisonment. She has consistently maintained her innocence.

4. At her trial, Kayla's defense attorneys had argued that the fire was accidentally started, either by a discarded cigarette or by Kayla's son, Bubba.

1

5. In turn, the State's case relied in large part on the testimony of Massillon Fire Inspector Reginald Winters, who testified that the fire *had two separate and distinct points of origin*. The State argued that this testimony conclusively disproved the defense's theory of how the fire started.

5. Although Ohio law allows defendants to request funds for the hiring of experts, Kayla's attorneys did not retain an independent expert or even consult with an independent expert on arson or fire investigations.

6. If Kayla's trial attorneys had consulted with an expert, they would have learned that:

    a. Winters' conclusion that the fire had two separate points of origin is false and unsupported by the evidence;

    b. The physical evidence was completely consistent with the defense theory that the fire was started by Bubba at a single point of origin;

    c. Inspector Winters' methods and conclusions were contrary to the standard manual for arson investigations, NFPA 921;

    d. Inspector Winters' training and experience were inadequate, and Winters was unqualified to offer an opinion on the origin of the fire.

7. Kayla's attorneys did not effectively challenge Inspector Winters regarding the serious deficiencies in his methods, conclusions, and qualifications.

8. Furthermore, although most of Winters' conclusions regarding the fire's origin were not disclosed prior to trial, in violation of Ohio Crim.R.16(K), Kayla's attorneys did not object to Winters' undisclosed and unfounded opinions.

9. Because Winters' faulty testimony was effectively unchallenged, the jury was presented with a false picture of the origin of the fire. Specifically, based on the false and

unsupported testimony of Inspector Winters regarding the fire's alleged multiple points of origin, the State was able to claim that it had conclusively disproved the defense theory of the crime. But-for the objectively deficient performance of Ayers' attorneys, there is a reasonable probability that the outcome of trial would have been different.

10. Kayla has consistently maintained her innocence, throughout the investigation, trial, and sentencing, and throughout her imprisonment.

11. The fact presented herein amount to a denial of or infringement of the Petitioner's rights, so as to render the judgment void or voidable under the Constitution of the United States.

12. Petitioner has fully exhausted her claims in Ohio courts, having pursued relief on these claims at the Common Pleas Court for Stark County, Ohio (Case No. 2012 CR 1567), the Ohio Court of Appeals, Fifth District (Case No. 2021 CA 134), and the Ohio Supreme Court (Case No. 2022-886).

13. Petitioner was in custody at the time of filing her petition, and she has standing to pursue relief in the form of a writ of habeas corpus.

**COUNT ONE
INEFFECTIVE ASSISTANCE OF COUNSEL
SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

14. Petitioner hereby incorporates all preceding paragraphs as though fully pleaded herein.

15. Petitioner was entitled to effective assistance of counsel under the Sixth Amendment to the U.S. Constitution.

16. Petitioner's counsel was deficient and fell below an objective standard of reasonableness. Specifically:

    a. Defense counsel failed to consult with an expert witness regarding the origin of the fire.

    b. Defense counsel failed to challenge false and unsupported testimony offered by the State's expert.

    c. Defense counsel failed to object to testimony that should have been barred under Ohio Crim.R.16(K).

17. Petitioner was prejudiced by counsel's ineffective assistance. Based on the totality of the evidence before the jury, there is a reasonable probability that, but-for counsel's unprofessional errors, the result of the proceeding would have been different. Based on her trial attorneys' failures, Ms. Ayers was denied the effective assistance of counsel and her conviction was in violation of her rights under the Sixth and Fourteenth Amendments to the United States Constitution.

## COUNT TWO
## PROSECUTORIAL MISCONDUCT
## FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

18. Petitioner hereby incorporates all preceding paragraphs as though fully pleaded herein.

19. Petitioner is entitled to a fair trial, which includes the right to present facts in her favor and develop her defense in accordance with state rules of procedure.

20. In preparing her defense, Petitioner had the right to presume the State had complied with and would continue to comply with Ohio Criminal Rules of Procedure and Ohio Rules of Evidence.

21. The State committed misconduct and deprived Petitioner of a fair trial by, in violation of Crim.R.16(K), failing to disclose the complete expert opinions of Massillon Fire Inspector Reginald Winters, and by knowingly soliciting previously undisclosed "expert" opinions from Inspector Winters. This misconduct was a fundamental defect in the trial and was inconsistent with rudimentary demands of fair procedure.

4

22. In addition, the State knew or should have known that Reginald Winters's testimony regarding the origin of the fire was false, unsupported, and/or unqualified. The State committed misconduct by soliciting this testimony and leaving it uncorrected on the record.

23. The State's misconduct prejudiced Petitioner. There is a reasonable probability that, but-for the State's misconduct, the result of the proceeding would have been different.

24. The State's misconduct deprived Petitioner of a fundamentally fair trial and infected the trial with unfairness such that the resulting conviction was a violation of due process.

## COUNT THREE
## CONVICTION OBTAINED BY FUNDAMENTALLY UNRELIABLE EVIDENCE
## FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

25. Petitioner hereby incorporates all preceding paragraphs as though fully pleaded herein.

26. Petitioner's conviction was obtained using evidence now known to be false, unsupported, and/or fundamentally unreliable.

27. Specifically, the testimony of Reginald Winters regarding the origin of the fire was incorrect, unsupported, and/or fundamentally unreliable in key respects. The probative value of Winters' testimony, if any, was greatly outweighed by the prejudice to Petitioner from its admission. Its role in Petitioner's conviction is a fundamental defect which inherently results in a miscarriage of justice.

28. This testimony was central to the State's case against Petitioner. But-for Reginald Winters' false, unsupported, and/or materially misleading testimony, Petitioner would not have been convicted.

29. Winters' testimony undermined the fundamental fairness of Petitioner's trial because the testimony was itself false, unsupported, or unreliable. Insofar as Petitioner's conviction

5

depends on evidence now known to be false, unsupported, and/or materially misleading, that conviction is inconsistent with the United States Constitution's guarantee of due process.

### COUNT FOUR
### ACTUAL INNOCENCE
### FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

30. Petitioner hereby incorporates all preceding paragraphs as though fully pleaded herein.

31. Newly-discovered evidence demonstrates that Petitioner is actually innocent of the charges for which she was convicted. Specifically, Inspector Winters' testimony regarding the origin of the fire is false, and the fire was, in fact, accidental.

31. A truly persuasive demonstration of "actual innocence" made after trial renders the conviction unconstitutional. *Herrera v. Collins*, 506 U.S. 390, 418, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)

32. As a result, Petitioner's conviction and the ongoing effects of her conviction are inconsistent with the U.S. Constitution's guarantee of due process of law.

### PRAYER FOR RELIEF

**WHEREFORE,** Petitioner respectfully requests the Court order as follows:

A. Grant Petitioner an evidentiary hearing;

B. Grant Petitioner the authority to obtain subpoenas for witnesses and documents necessary to prove the facts asserted in this petition;

C. Grant Petitioner leave to conduct discovery pursuant to Rule 6 of the Rules Governing 28 U.S.C. §2254 Cases to more fully develop the factual bases demonstrating the constitutional infirmities in her conviction

D. Declare Petitioner's conviction under Ohio law to have been obtained in violation of the United States Constitution and grant him a writ of habeas corpus;

E. Order that Petitioner either be retried or that the case be dismissed within 90 days; and

F. Order any other relief the Court deems necessary and appropriate.

                                                Respectfully submitted,

                                                */s/ Brian C. Howe*_____
                                                Brian C. Howe (0086517)
                                                Attorney for Petitioner
                                                The Ohio Innocence Project
                                                Rosenthal Institute for Justice
                                                University of Cincinnati College of Law
                                                P.O. Box 210040
                                                Cincinnati, OH 45221-0040
                                                Phone: (513) 556-0752
                                                Email: brian.howe@uc.edu

## **VERIFICATION**

Pursuant to 28 U.S.C. §2242, I, Brian C. Howe, counsel for Petitioner, hereby verify that the allegations contained herein are true and accurate to the best of my knowledge.

| | |
|---|---|
| */s/ Brian C. Howe* | Dec. 19, 2022 |
| Counsel for Petitioner | Date |

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 19, 2022, I electronically filed the foregoing First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. §2254 with the Clerk of Court using the CM/ECF system, which will provide notice to counsel for Respondent.

                                                                                */s/ Brian Howe*_____
                                                                                Attorney for Petitioner