UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAYLA JEAN AYERS, | : | CASE NO. 5:20-cv-1654 |
| | : | |
| Petitioner, | : | JUDGE SARA LIOI |
| | : | |
| v. | : | Magistrate Judge Carmen E. Henderson |
| | : | |
| DIRECTOR, OHIO DEPARTMENT | : | RESPONDENT'S REPLY TO |
| OF REHABILITATION & | : | TRAVERSE (Doc. No. 16) |
| CORRECTION, | : | |
| | : | |
| Respondent. | : | |

Pursuant to this Court's Show Cause Order **(Order, Doc. No. 6 PageID 69-70)**, Respondent Ohio Department of Rehabilitation & Correction Director replies to Petitioner Kayla Jean Ayers' Traverse. **(Traverse, Doc. No. 16 PageID 1423-1471)** The arguments in Ayers' Traverse do not refute the facts established in the state court record **(State Court Record, Doc. No. 15-1 PageID 268-923)**, and the arguments, authorities, and defenses raised in the Respondent's Answer/Return of Writ. **(Answer/ROW, Doc. No. 15 PageID 137-267)** Consequently, the Court should deny and dismiss Ayers' amended habeas petition **(Amended Petition, Doc. No. 14 PageID 93-101)** with prejudice. Reasonable jurists would not disagree, so the Court should also deny Ayers a certificate of appealability and *in forma pauperis* status on appeal.

### Ayers Has Not Refuted the State Appellate Court's Reasonable Factual Findings and Determinations

Ayers has not rebutted the state appellate court's factual findings by clear and convincing evidence, consequently, this Court must presume the state appellate court's factual findings **(Opinion, Doc. No. 15-1 PageID 366-374)** are correct, and this Court

must defer to the state appellate court's factual findings, not the facts stated in Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1424-1437)**. *See* 28 U.S.C. §2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001).

### Ayers' Petition is Time-Barred

As detailed in the Respondent's Answer/Return of Writ **(Answer/ROW, Doc. No. 15 PageID 151-159)**, Ayers filed her amended petition over 5 ½ years after the AEDPA statute of limitations expired, and her petition is time-barred. Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1438-1441)** does not establish otherwise.

Ayers has not established that the factual predicates for her habeas claims were not immediately discoverable and that she used due diligence to discover the factual predicates. She admits in her Traverse that she did not consult her purported expert until 6 years after her conviction **(Traverse, Doc. No. 16 PageID 1434, 1438-1441)**, and contrary to her arguments, she has not provided adequate reason for that undue delay.

Ayers' proposed expert report **(Report, Doc. No. 15-1 PageID 500-518)** does not rely on new or changed standards in fire investigation technology, and the report does not show that the State's evidence relied on obsolete techniques that have been debunked. Instead, the report **(Report, Doc. No. 15-1 PageID 500-518)** relies on the same standards from NFP 921 that the State's expert relied on at trial, and it merely presents a differing opinion. Consequently, Ayers has not shown that the report and opinion could not have been elicited before 2019.

Accordingly, the state trial court's determination that Ayers did not show by clear and convincing evidence that she was unavoidably prevented from "discovering the

evidence she was [] trying to present 8 years after her conviction" **(Judgment Entry, Doc. No. 15-1 PageID 723-728)** is reasonable and entitled to deference in this habeas proceeding.

Since Ayers has not established that her factual predicates could not have been discovered sooner, her petition is governed by 28 U.S.C. § 2244(d)(1)(A) and the date her convictions were finalized.  Consequently, her petition is untimely.

Ayers does not contest the fact that she is not entitled to 28 U.S.C. §2244(d)(2) statutory tolling and 28 U.S.C. §2244(d)(2) statutory tolling does not make her petition timely.  **(Traverse, Doc. No. 16 PageID 1441)**

Contrary to the arguments in her Traverse **(Traverse, Doc. 16 No. 1441)**, Ayers is not entitled to equitable tolling of her AEDPA statute of limitations.  Again, Ayers has not shown due diligence in pursuing her claims, and extraordinary circumstances do not exist.  Ayers' incarceration and *pro se* status are not extraordinary circumstances that warrant equitable tolling.  *See Johnson v. United States*, 544 U.S. 295, 311 (2005).

Ayers also has not met the rare *Schlup v. Delo*, 513 U.S. 298 (1995) actual innocence standard to excuse the AEDPA time-bar.  At best, Ayers' purported evidence raises reasonably differing expert opinions, and she has not shown that no reasonable juror would have found her guilty.  *See Allen v. Yukins*, 366 F.3d 396, 405 (6th Cir. 2004).

Based on the foregoing, Ayers' habeas petition is inexcusably time-barred, and the Court must deny and dismiss her untimely petition with prejudice.

### Ayers' First Relief Ground is Inexcusably Procedurally Defaulted & Lacks Merit

As detailed in the Respondent's Answer/Return of Writ **(Answer/ROW, Doc. No. 15 PageID 172-210)**, Ayers is not entitled to habeas relief on her first relief ground and the Court must deny and dismiss Ayers' first relief ground with prejudice because Ayers inexcusably procedurally defaulted her Sixth Amendment right to effective trial counsel claim, and her Sixth Amendment right to effective trial counsel claim lacks merit. The arguments in Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1441-1462)** do not show otherwise.

A.  Ayers Did Not Properly Exhaust her First Relief Ground & She Inexcusably Procedurally Defaulted her Sixth Amendment Right to Effective Trial Counsel Claim

While Ayers claim is exhausted in the sense that she does not have any available state court relief remaining, Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1444-1447)** does not established that she fairly presented her Sixth Amendment right to effective counsel claim to the Ohio Courts in a procedurally proper manner, or that her claim is properly exhausted for 28 U.S.C. §2254(b)(1)(A) purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001).

Even if the purported evidence filed with Ayers' post-conviction relief petition **(Petition, Doc. No. 15-1 PageID 416-662)** was outside the trial court record, the state trial court reasonably denied Ayers' collateral post-conviction relief petition because it was untimely and her claims were barred by *res judicata* **(Judgment Entry, Doc. No. 15-1 PageID 723-728)**, and the state appellate court reasonably affirmed that decision on collateral appeal. **(Opinion, Doc. No. 15-1 PageID 826-867)** Contrary to Ayers' arguments **(Traverse, Doc. No. 16 PageID 1447-1450)**, a state court's dismissal for

4

violating established state law filing deadlines and an Ohio court's dismissal under *res judicata* are both well-established procedural defaults that preclude federal habeas review and relief. *See Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

B.    <u>Ayers Did Not Establish Cause & Actual Prejudice, or a</u>
      <u>Fundamental Miscarriage of Justice & Actual Innocence to Excuse</u>
      <u>Her State Court Procedural Default</u>

Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1450-1455)** does not establish cause and actual prejudice, or a fundamental miscarriage of justice and actual innocence to excuse her failure to fairly present and properly exhaust her Sixth Amendment right to effective trial counsel claims in the Ohio courts, and to excuse her state court procedural defaults.

Again, Ayers' proposed expert report **(Report, Doc. No. 15-1 PageID 500-518)** does not rely on new or changed standards in fire investigation technology, and the report does not show that the State's evidence relied on obsolete techniques that have been debunked. Instead, the report **(Report, Doc. No. 15-1 PageID 500-518)** relies on the same standards from NFP 921 that the State's expert relied on at trial, and it merely presents a differing opinion. Consequently, Ayers has not shown that the report and opinion could not have been elicited before 2019, a reasonable probability that but for the alleged error, the result of her trial would have been different, and that it is more likely than not that no reasonable juror would have convicted her in light of the new evidence. *See Schlup v. Delo*, 513 U.S. 298 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Accordingly, the state trial court reasonably determined that Ayers did not show by clear and convincing evidence that she was unavoidably prevented from "discovering the evidence she was [] trying to present 8 years after her conviction." **(Judgment Entry, Doc. No. 15-1 PageID 723-728)** Likewise, this Court should similarly find that Ayers has not established cause and actual prejudice to excuse her state court procedural default because Ayers incarceration and *pro se* status are insufficient reasons to excuse the default. *See Johnson v. United States*, 544 U.S. 295, 311 (2005); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

Ayers' argument **(Traverse, Doc. No. 16 PageID 1449-1450)** alleging cause because the state courts erred in applying Ohio procedural rules, Ohio's *res judicata* doctrine, and Ohio law when the trial court denied Ayers' collateral petition for post-conviction relief **(Judgment Entry, Doc. No. 15-1 PageID 723-728)** and the state appellate court denied Ayer's subsequent collateral appeal **(Judgment Entry, Doc. No. 15-1 PageID 826-867)** fails on the merits.

This Court is generally forbidden from determining whether state courts misapplied state procedural rules. *Israfil v. Russell*, 276 F.3d 768, 771-772 (6th Cir. 2001); *Oveido v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). To the contrary, this Court is bound to accept the Ohio courts' interpretation of Ohio law. *Id*.

 Ayers' case is materially distinguishable from the cases she relies on. In Ayers' case, she had new counsel on direct appeal, the issues regarding the state expert and her trial attorney's performance were discernable at the time of Ayers' direct appeal, and even though Ayers attached "evidence" *dehors* the trial record to her post-conviction

relief petition, nothing in the report is based on evidence that could not be ascertained until after Ohio's post-conviction relief deadline expired.

Again, Ayers' proposed expert report **(Report, Doc. No. 15-1 PageID 500-518)** does not rely on new or changed standards in fire investigation technology, and the report does not show that the State's evidence relied on obsolete techniques that have been debunked. Instead, the report **(Report, Doc. No. 15-1 PageID 500-518)** relies on the same standards from NFP 921 that the State's expert relied on at trial, and it merely presents a differing opinion. Consequently, Ayers has not shown that the report and opinion could not have been elicited before 2019.

Based on the report's contents, Ayers is asking this Court to weigh expert testimony, which this Court is prohibited from doing in habeas review, and which is a state law manifest weight issue, not a federal constitutional claim. *See Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003); *Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1986); *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983); *Spence v. Sheets,* 675 F.Supp.2d 792, 803 (S.D. Ohio 2009).

Ayers has also not established cause to excuse her procedural default under *White v. Respondent, Ross Correctional Institution*, 940 F.3d 270 (6th Cir. 2019); *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013). **(Traverse, Doc. No. 16 PageID 1450-1453)** More specifically, Ayers has not established that she could not adequately litigate her ineffective assistance of trial counsel claim without her purported evidence, and she did establish that her Sixth Amendment right to trial counsel claim was substantial.

Based on the facts, it was reasonable for the state appellate court to determine in accord with *Strickland v. Washington*, 466 U.S. 668, 687 (1984):

> **[\*P75]** It is not unusual in a case in which highly technical, medical or other specialized evidence is presented for the experts presented by each party to criticize the other's training, methodology, and/or conclusions. When a so-called "battle of experts" takes place during a jury trial such criticisms go to the weight not the admissibility of each expert's opinion. An expert witness is not required to be the best witness on the subject. *Alexander v. Mt. Carmel Med. Ctr., 56 Ohio St.2d 155, 159, 383 N.E.2d 564(1978)*. (Citations omitted.)
>
> **[\*P76]** The majority of Lentini's opinion centers on his belief that Winters is not qualified, or did not use the techniques that Lentini believes are the best practice. When viewed in this light, Lentini's affidavit has only limited probative value. His opinion does not exonerate Ayers or reduce her culpability. He opines only that Fire Inspector Winters's expert testimony was "unreliable, unscientific, and at odds with generally accepted fire investigation methodology." Lentini Affidavit at ¶32. Lentini's opinion does not affect the other testimony and evidence that was presented during Ayers's jury trial.
>
> **[\*P77]** In light of the evidence produced that did not depend upon expert testimony and the entire record in this case, we hold that Ayers has not shown a reasonable probability that but for counsel's unprofessional errors, the result of her trial would have been different. *Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984)*; *State v. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373(1989)*. The testimony of Lentini could not reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. Ayers was not denied her right to due process and fair trial by counsel's failure to consult an expert witness.

**(Opinion, Doc. No. 15 Page ID 853-854)**

Since Ayers has not established cause, this Court does not have to consider the actual prejudice prong. Even so, Ayers has not established actual prejudice or more

specifically,  a federal constitutional  error and a reasonable probability  that, but for the

established  federal constitutional  error, the result of her criminal trial, sentence, or appeal

would have been different.  *See Smith v. Murray*, 477 U.S. 527 (1986).

Likewise,  Ayers' purported evidence is not sufficient to meet the demanding

*Schlup v. Delo*, 513 U.S. 298 (1995) actual innocence standard.  Again, Ayers purported

evidence goes to the weight of the state expert's testimony,  and there was other

substantial evidence pertaining  to her guilt.  Consequently,  Ayers has not shown that no

reasonable juror would have convicted her due to her purported evidence, and the Court

should  reject her actual innocence argument. **(Traverse, Doc. No. 16 PageID 1453-**

**1455)**

To the extent that Ayers argues that the Ohio courts lacked jurisdiction  to

adjudicate  her ineffective  assistance of trial counsel claim on the merits **(Traverse, Doc.**

**No. 16 PageID 1456-1459)**, that issue is not cognizable  in this federal habeas proceeding,

and this Court is required to defer to the state courts' jurisdictional  determinations.  *See*

*Wills v. Egeler*, 532 F.2d 1058 (6th Cir. 1976).

Furthermore,  when a state court applies a procedural bar, but goes on to

alternatively  address the merits of the federal claim, the claim is nevertheless barred from

federal review.  *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).  Consequently,  when "a

state court relies on an independent procedural ground to deny relief, a discussion of the

merits will not supersede the procedural bar to habeas relief."  *Baze v. Parker*, 371 F.3d

310, 320 (6th Cir. 2004).  *Also see Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000);

*Paprocki v. Foltz*, 869 F.2d 281, 284-85  (6th Cir. 1989).

C.  Ayers' First Relief Ground Lacks Merit

Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1459-1462)** does not refute the Respondent's arguments that Ayers' first relief ground lacks merit. **(Answer/ROW, Doc. No. 175-211)** To the extent Ayers relies solely on Sixth Circuit cases, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' 28 U.S.C. §2254(d)(1). It therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48 (2012).

Even so, Ayers' case is materially distinguishable from *Richey v. Bradshaw*, 498 F.3d 344 (6th Cir. 2007). *Richey* is a capital case, and Richey's trial counsel "affirmatively recognized the need for an expert and retained one, but counsel then unreasonably failed to consult the expert to help with the defense." *Kendrick v. Parris*, 989 F.3d 459, 471 (6th Cir. 2021), *citing Richey*, 498 F.3d at 362. The Sixth Circuit has distinguished *Richey*'s holding from situations like Ayers' where "a fairminded jurist could conclude that counsel had reasonably decided that no expert was necessary given Miller's anticipated testimony." *Id*.

The Sixth Circuit further found in *Kendrick*:

> Moreover, *Richey* predates the Supreme Court's guidance in [*Harrington v. Richter*, 562 U.S. 86, 102 (2011)], which held that a federal court misapplied AEDPA by finding that an IAC claim had merit under *de novo* review and then "declar[ing], without further explanation," that the state court's contrary ruling was unreasonable. 562 U.S. at 101-02. *Richey* engaged in that type of now-outdated review and barely referenced AEDPA's deferential standards when granting relief. *See* [Richey, 498 F.3s at 361-364]." AEDPA demands more." *Harrington*, 562 U.S. at 102.

*Id*.

Based on the foregoing, the Court must deny and dismiss Ayers' first habeas relief ground with prejudice. Reasonable jurists would not disagree that Ayers' first relief ground should be dismissed on procedural grounds and that Ayers has not made a substantial showing of the denial of a constitutional right, so the Court should also deny Ayers a certificate of appealability.

### Ayers' Second Relief Ground is Inexcusably Procedurally Defaulted & Lacks Merit

As detailed in the Respondent's Answer/Return of Writ **(Answer/ROW, Doc. No. 15 PageID 211-238)**, Ayers is not entitled to habeas relief on her second relief ground and the Court must deny and dismiss Ayers' second relief ground with prejudice because Ayers' state law claims are not cognizable grounds for federal habeas relief, Ayers' did not properly exhaust and defaulted her Sixth Amendment prosecutorial misconduct claim, and her federal constitutional prosecutorial misconduct claim lacks merit. The arguments in Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1462-1464)** do not show otherwise.

    A.    <u>Ayers' State Law Claim is Not Cognizable</u>

Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1462-1464)** does not contest or refute the Respondent's argument that her alleged Ohio Crim.R. 16(K) violation is not a cognizable ground for federal habeas relief. **(Answer/ROW, Doc. No. 15 PageID 211-238)**

    B.    <u>Ayers Did Not Properly Exhaust her Second Relief Ground & She Inexcusably Procedurally Defaulted her Sixth Amendment Prosecutorial Misconduct Claim</u>

While Ayers claim is exhausted in the sense that she does not have any available state court relief remaining, Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1463-1464)**

11

does not established that she fairly presented her Sixth Amendment prosecutorial misconduct claim to the Ohio Courts in a procedurally proper manner, or that her claim is properly exhausted for 28 U.S.C. §2254(b)(1)(A) purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001).

Even if the purported evidence filed with Ayers' post-conviction relief petition **(Petition, Doc. No. 15-1 PageID 416-662)** was outside the trial court record, the state trial court reasonably denied Ayers' collateral post-conviction relief petition because it was untimely and her claims were barred by *res judicata* **(Judgment Entry, Doc. No. 15-1 PageID 723-728)**, and the state appellate court reasonably affirmed that decision on collateral appeal. **(Opinion, Doc. No. 15-1 PageID 826-867)** Contrary to Ayers' arguments **(Traverse, Doc. No. 16 PageID 1447-1450)**, a state court's dismissal for violating established state law filing deadlines and an Ohio court's dismissal under *res judicata* are both well-established procedural defaults that preclude federal habeas review and relief. *See Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

      C.     <u>Ayers Did Not Establish Cause & Actual Prejudice, or a</u>
                  <u>Fundamental Miscarriage of Justice & Actual Innocence to Excuse</u>
                  <u>Her State Court Procedural Default</u>

Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1463-1464)** does not establish cause and actual prejudice, or a fundamental miscarriage of justice and actual innocence to excuse her failure to fairly present and properly exhaust her Sixth Amendment prosecutorial misconduct claims in the Ohio courts, and to excuse her state court procedural defaults.

Again, Ayers' proposed expert report **(Report, Doc. No. 15-1 PageID 500-518)** does not rely on new or changed standards in fire investigation technology, and the report does not show that the State's evidence relied on obsolete techniques that have been debunked. Instead, the report **(Report, Doc. No. 15-1 PageID 500-518)** relies on the same standards from NFP 921 that the State's expert relied on at trial, and it merely presents a differing opinion. Consequently, Ayers has not shown that the report and opinion could not have been elicited before 2019, a reasonable probability that but for the alleged error, the result of her trial would have been different, and that it is more likely than not that no reasonable juror would have convicted her in light of the new evidence. *See Schlup v. Delo*, 513 U.S. 298 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Therefore, the state trial court reasonably determined that Ayers did not show by clear and convincing evidence that she was unavoidably prevented from "discovering the evidence she was [] trying to present 8 years after her conviction." **(Judgment Entry, Doc. No. 15-1 PageID 723-728)** Likewise, this Court should similarly find that Ayers has not established cause and actual prejudice to excuse her state court procedural default because Ayers incarceration and *pro se* status are insufficient reasons to excuse the default. *See Johnson v. United States*, 544 U.S. 295, 311 (2005); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

Ayers' argument **(Traverse, Doc. No. 16 PageID 1463)** alleging the state courts misapplied O.R.C. 2953.23 as cause for excuse fails on the merits. This Court is generally forbidden from determining whether state courts misapplied state procedural rules. *Israfil v. Russell*, 276 F.3d 768, 771-772 (6th Cir. 2001); *Oveido v. Jago*, 809 F.2d

326, 328 (6th Cir. 1987). To the contrary, this Court is bound to accept the Ohio courts' interpretation of Ohio law. *Id*.

Since Ayers has not established cause, this Court does not have to consider the actual prejudice prong. Even so, Ayers has not established actual prejudice or more specifically, a federal constitutional error and a reasonable probability that, but for the established federal constitutional error, the result of her criminal trial, sentence, or appeal would have been different. *See Smith v. Murray*, 477 U.S. 527 (1986).

Likewise, Ayers' purported evidence is not sufficient to meet the demanding *Schlup v. Delo*, 513 U.S. 298 (1995) actual innocence standard. Ayers' overinflates the potential impact of her purported evidence, and the state appellate court reasonably determined that "Lentini's affidavit has only limited probative value. His opinion does not exonerate Ayers." **(Opinion, Doc. No. 15 PageID 861)** Again, Ayers purported evidence goes to the weight of the state expert's testimony, and there was other substantial evidence pertaining to her guilt. Consequently, Ayers has not shown that no reasonable juror would have convicted her due to her purported evidence, and the Court should reject her actual innocence argument. **(Traverse, Doc. No. 16 PageID 1464)**

To the extent that Ayers argues that the Ohio courts lacked jurisdiction to adjudicate her ineffective assistance of trial counsel claim on the merits **(Traverse, Doc. No. 16 PageID 1465)**, that issue is not cognizable in this federal habeas proceeding, and this Court is required to defer to the state courts' jurisdictional determinations. *See Wills v. Egeler*, 532 F.2d 1058 (6th Cir. 1976).

Furthermore, when a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is nevertheless barred from

federal review. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). Consequently, when "a state court relies on an independent procedural ground to deny relief, a discussion of the merits will not supersede the procedural bar to habeas relief." *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004). *Also see Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000); *Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989).

        D.     <u>Ayers' Second Relief Ground Lacks Merit</u>

Ayers' Traverse **(Traverse, Doc. No. 16 Page ID 1464)** does not refute the Respondent's arguments that Ayers' second relief ground lacks merit. **(Answer/ROW, Doc. No. 2 14-238)** Again, Ayers over-inflates the potential impact of her purported evidence, the evidence does not establish prosecutorial misconduct, and that her entire trial was fundamentally unfair in violation of the Due Process Clause, particularly in light of the other incriminating evidence presented at trial.

Based on the foregoing, the Court must deny and dismiss Ayers' second habeas relief ground with prejudice. Reasonable jurists would not disagree that Ayers' second relief ground should be dismissed on procedural grounds and that Ayers has not made a substantial showing of the denial of a constitutional right, so the Court should also deny Ayers a certificate of appealability.

**<u>Ayers' Third Relief Ground is Inexcusably Procedurally<br>Defaulted & Lacks Merit</u>**

As detailed in the Respondent's Answer/Return of Writ **(Answer/ROW, Doc. No. 15 Page ID 239-257)**, Ayers is not entitled to habeas relief on her third relief ground and the Court must deny and dismiss Ayers' third relief ground with prejudice because Ayers' did not properly exhaust and defaulted her federal constitutional due process

claim, and her federal constitutional due process claim lacks merit. The arguments in Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1465-1467)** do not show otherwise.

> A. Ayers Did Not Properly Exhaust her Third Relief Ground & She Inexcusably Procedurally Defaulted her Federal Constitutional Due Process Claim

While Ayers claim is exhausted in the sense that she does not have any available state court relief remaining, Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1466)** does not established that she fairly presented her federal constitutional due process claim to the Ohio Courts in a procedurally proper manner, or that her claim is properly exhausted for 28 U.S.C. §2254(b)(1)(A) purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001).

Even if the purported evidence filed with Ayers' post-conviction relief petition **(Petition, Doc. No. 15-1 PageID 416-662)** was outside the trial court record, the state trial court reasonably denied Ayers' collateral post-conviction relief petition because it was untimely and her claims were barred by *res judicata* **(Judgment Entry, Doc. No. 15-1 PageID 723-728)**, and the state appellate court reasonably affirmed that decision on collateral appeal. **(Opinion, Doc. No. 15-1 PageID 826-867)** Contrary to Ayers' arguments **(Traverse, Doc. No. 16 PageID 1466),** a state court's dismissal for violating established state law filing deadlines and an Ohio court's dismissal under *res judicata* are both well-established procedural defaults that preclude federal habeas review and relief. *See Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

> B. Ayers Did Not Establish Cause & Actual Prejudice, or a Fundamental Miscarriage of Justice & Actual Innocence to Excuse Her State Court Procedural Default

Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1466)** does not establish cause and actual prejudice, or a fundamental miscarriage of justice and actual innocence to excuse her failure to fairly present and properly exhaust her federal constitutional due process claim in the Ohio courts, and to excuse her state court procedural defaults.

Again, Ayers' proposed expert report **(Report, Doc. No. 15-1 PageID 500-518)** does not rely on new or changed standards in fire investigation technology, and the report does not show that the State's evidence relied on obsolete techniques that have been debunked. Instead, the report **(Report, Doc. No. 15-1 PageID 500-518)** relies on the same standards from NFP 921 that the State's expert relied on at trial, and it merely presents a differing opinion. Consequently, Ayers has not shown that the report and opinion could not have been elicited before 2019, a reasonable probability that but for the alleged error, the result of her trial would have been different, and that it is more likely than not that no reasonable juror would have convicted her in light of the new evidence. *See Schlup v. Delo*, 513 U.S. 298 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Therefore, the state trial court reasonably determined that Ayers did not show by clear and convincing evidence that she was unavoidably prevented from "discovering the evidence she was [] trying to present 8 years after her conviction." **(Judgment Entry, Doc. No. 15-1 PageID 723-728)** Likewise, this Court should similarly find that Ayers has not established cause and actual prejudice to excuse her state court procedural default because Ayers incarceration and *pro se* status are insufficient reasons to excuse the default. *See Johnson v. United States*, 544 U.S. 295, 311 (2005); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

Ayers' argument **(Traverse, Doc. No. 16 PageID 1466)** alleging the state courts misapplied Ohio law as cause for excuse fails on the merits. This Court is generally forbidden from determining whether state courts misapplied state procedural rules. *Israfil v. Russell*, 276 F.3d 768, 771-772 (6th Cir. 2001); *Oveido v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). To the contrary, this Court is bound to accept the Ohio courts' interpretation of Ohio law. *Id*.

Since Ayers has not established cause, this Court does not have to consider the actual prejudice prong. Even so, Ayers has not established actual prejudice or more specifically, a federal constitutional error and a reasonable probability that, but for the established federal constitutional error, the result of her criminal trial, sentence, or appeal would have been different. *See Smith v. Murray*, 477 U.S. 527 (1986).

Likewise, Ayers' purported evidence is not sufficient to meet the demanding *Schlup v. Delo*, 513 U.S. 298 (1995) actual innocence standard. Ayers' overinflates the potential impact of her purported evidence, and the state appellate court reasonably determined that "Lentini's affidavit has only limited probative value. His opinion does not exonerate Ayers." **(Opinion, Doc. No. 15 PageID 861)** Again, Ayers purported evidence goes to the weight of the state expert's testimony, and there was other substantial evidence pertaining to her guilt. Consequently, Ayers has not shown that no reasonable juror would have convicted her due to her purported evidence, and the Court should reject her actual innocence argument. **(Traverse, Doc. No. 16 PageID 1466)**

To the extent that Ayers argues that the Ohio courts lacked jurisdiction to adjudicate her ineffective assistance of trial counsel claim on the merits **(Traverse, Doc. No. 16 PageID 1466)**, that issue is not cognizable in this federal habeas proceeding, and

this Court is required to defer to the state courts' jurisdictional determinations.  *See Wills v. Egeler*, 532 F.2d 1058 (6th Cir. 1976).

Furthermore, when a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is nevertheless barred from federal review.  *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).  Consequently, when "a state court relies on an independent procedural ground to deny relief, a discussion of the merits will not supersede the procedural bar to habeas relief."  *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004).  *Also see Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000); *Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989).

### C.   Ayers' Third Relief Ground Lacks Merit

Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1466-1467)** does not refute the Respondent's arguments that Ayers' third relief ground lacks merit. **(Answer/ROW, Doc. No. 242-257)** Ayers complains the Respondent did not respond to her "unreliable evidence claim" **(Traverse, Doc. No. 16 PageID 1466-1467)**, but this is not a direct appeal, it is habeas review, and the Respondent adequately responded in conformity with the AEDPA review standard.  The Respondent has not conceded that the State evidence was unreliable as Ayers implies.

As detailed above, the probative value of Ayers' purported evidence is limited.  The evidence merely goes to the weight of the State's expert's evidence, and a potential "battle of the experts" does not render Ayers' entire trial fundamentally unfair, particularly when there was other substantial evidence of guilt, and the evidence was constitutionally sufficient to convict Ayers.

D.     Ayers is Not Entitled to an Evidentiary Hearing

Ayers is not entitled to an evidentiary hearing, and the Court should deny Ayers'
request for an evidentiary hearing. **(Traverse, Doc. No. 16 PageID 1466-1467)**

Habeas review under 28 U.S.C. §2254(d)(1) is limited to the record that was
before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563
U.S. 170 (2011). Although Rule 8 of the Rules Governing §2254 Cases allows
discretionary evidentiary hearings, "the fact that [a petitioner] is not disqualified from
receiving an evidentiary hearing under §2254(e)(2) does not entitle her to one." *Bowling
v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). "In deciding whether to grant an
evidentiary hearing, a federal court must consider whether such a hearing could enable an
applicant to prove the petition's factual allegations, which, if true, would entitle the
applicant to federal habeas relief. Because the deferential standards prescribed by §2254
control whether to grant habeas relief, a federal court must take into account those
standards in deciding whether an evidentiary hearing is appropriate." *Schriro v.
Landrigan*, 550 U.S. 465 (2007). "[I]f the record refutes the petitioner's factual
allegations or otherwise precludes habeas relief, a district court is not required to hold an
evidentiary hearing." *Id*. at 474.

Likewise, Rule 7 of the Rules Governing Section §2254 Cases only allows federal
habeas courts to expand the record in limited circumstances. *West v. Bell*, 550 F.3d 542,
551 (6th Cir. 2008). Generally, "a federal court reviewing a habeas petition may not
examine evidence not presented in state court unless the petitioner can establish that (1)
she diligently sought to develop the claim in state court, or (2) she satisfies the conditions

20

provided in 28 U.S.C. §2254(e)(2)." *Richey v. Bradshaw*, 498 F.3d 344, 351 (6th Cir. 2007).

§2254(e)(2) limits Rule 7 requests to expand the record to the same extent that it limits the availability of an evidentiary hearing. *Holland v. Jackson*, 542 U.S. 649, 653 (2004). The 28 U.S.C. §2254(e)(2) requirements are:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on--
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Ayers is not automatically entitled to an evidentiary hearing and oral arguments in this habeas case, she has not shown that she is eligible for a discretionary evidentiary hearing and oral arguments, and she has not established good for the Court to discretionarily hold an evidentiary hearing and entertain oral arguments.

There is no need for an evidentiary hearing and oral arguments because the state court record **(State Court Record, Doc. 15-1 PageID 268-923)** refutes Ayers' allegations and claims. As detailed in the Respondent's Answer/Return of Writ **(Answer/ROW, Doc. No. 15 PageID 137-267)**, Ayers' §2254 petition raises non-

cognizable state law claims, Ayers inexcusably procedurally defaulted her federal constitutional claims, Ayers has not established a federal constitutional violation, and there is sufficient evidence to decide this case from the record.

Furthermore, Ayers has not shown that she diligently sought to develop federal constitutional claims pertaining to the allegations in her amended petition, she does not rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, and her arguments do not concern factual predicates that could not have been previously discovered through the exercise of due diligence. Ultimately, Ayers has not shown that evidence elicited at evidentiary hearing would be "sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found her guilty of the underlying offenses."

Based on the forgoing, Ayers has not established that she is entitled to an evidentiary hearing, she has not shown good cause for the Court to hold an evidentiary hearing and oral arguments, and her request lacks merit.

Based on the foregoing, the Court must deny and dismiss Ayers' third habeas relief ground with prejudice, and deny Ayers' request for an evidentiary hearing. Reasonable jurists would not disagree that Ayers' third relief ground should be dismissed on procedural grounds and that Ayers has not made a substantial showing of the denial of a constitutional right, so the Court should also deny Ayers a certificate of appealability.

### Ayers' Fourth Relief Ground is Not Cognizable, Inexcusably Procedurally Defaulted & Lacks Merit

As detailed in the Respondent's Answer/Return of Writ **(Answer/ROW, Doc. No. 15 PageID 257-266)**, the Court must deny and dismiss Ayers' fourth relief ground

with prejudice because Ayers' actual innocence claim is not cognizable as a stand-alone ground for habeas relief, Ayers' did not properly exhaust and defaulted her actual innocence claim, and her actual innocence claim lacks merit. The arguments in Ayers' Traverse **(Traverse, Doc. No. 16 PageID 1467-1468)** do not show otherwise.

Ayers acknowledges that the Sixth Circuit does not recognize a free-standing actual innocence claim **(Traverse, Doc. No. 16 PageID 1468)**, but a more accurate statement is case law in the Sixth Circuit establishes that the Supreme Court has never recognized a free-standing or substantive actual innocence claim in a non-capital case. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), *citing Zuern v. Tate*, 336 F.3d 478, 482, n.1 (6th Cir. 2001). Any implied allowance in *Herrera v. Collins*, 506 U.S. 390 (1993) is only applicable to capital cases, and Ayers' case is not a capital case.

Based on the foregoing, the Court must dismiss Ayers' fourth habeas relief ground with prejudice. Reasonable jurists would not disagree that Ayers' fourth relief ground should be dismissed on procedural grounds and that Ayers has not made a substantial showing of the denial of a constitutional right, so the Court should also deny Ayers a certificate of appealability.

### Ayers is Not Entitled to an Evidentiary Hearing

Ayers is not entitled to an evidentiary hearing, and the Court should deny Ayers' request for an evidentiary hearing. **(Traverse, Doc. No. 16 PageID 1468-1470)**

Habeas review under 28 U.S.C. §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170 (2011). Although Rule 8 of the Rules Governing §2254 Cases allows discretionary evidentiary hearings, "the fact that [a petitioner] is not disqualified from

23

receiving an evidentiary hearing under §2254(e)(2) does not entitle her to one." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by §2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Schriro v. Landrigan*, 550 U.S. 465 (2007). "[I]f the record refutes the petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* at 474.

Likewise, Rule 7 of the Rules Governing Section §2254 Cases only allows federal habeas courts to expand the record in limited circumstances. *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008). Generally, "a federal court reviewing a habeas petition may not examine evidence not presented in state court unless the petitioner can establish that (1) she diligently sought to develop the claim in state court, or (2) she satisfies the conditions provided in 28 U.S.C. §2254(e)(2)." *Richey v. Bradshaw*, 498 F.3d 344, 351 (6th Cir. 2007).

§2254(e)(2) limits Rule 7 requests to expand the record to the same extent that it limits the availability of an evidentiary hearing. *Holland v. Jackson*, 542 U.S. 649, 653 (2004). The 28 U.S.C. §2254(e)(2) requirements are:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on--

24

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Ayers is not automatically entitled to an evidentiary hearing and oral arguments in this habeas case, she has not shown that she is eligible for a discretionary evidentiary hearing and oral arguments, and she has not established good for the Court to discretionarily hold an evidentiary hearing and entertain oral arguments.

There is no need for an evidentiary hearing and oral arguments because the state court record **(State Court Record, Doc. 15-1 PageID 268-923)** refutes Ayers' allegations and claims.  As detailed in the Respondent's Answer/Return of Writ **(Answer/ROW, Doc. No. 15 PageID 137-267)**, Ayers' §2254 petition raises non-cognizable state law claims, Ayers inexcusably procedurally defaulted her federal constitutional claims, Ayers has not established a federal constitutional violation, and there is sufficient evidence to decide this case from the record.

Furthermore, Ayers has not shown that she diligently sought to develop federal constitutional claims pertaining to the allegations in her amended petition, she does not rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, and her arguments do not concern factual predicates that could not have been previously discovered through the exercise of

25

due diligence.   Ultimately, Ayers has not shown that evidence elicited at evidentiary hearing would be "sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found her guilty of the underlying offenses."

Furthermore, Ayers is asking this Court to weigh expert testimony, which this Court is prohibited from doing in habeas review, and which is a state law manifest weight issue, not a federal constitutional claim.  *See Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003); *Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1986); *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983);  *Spence v. Sheets,* 675 F.Supp.2d 792, 803 (S.D. Ohio 2009).

Based on the forgoing, Ayers has not established that she is entitled to an evidentiary hearing, she has not shown good cause for the Court to hold an evidentiary hearing and oral arguments, and her request lacks merit.  Consequently, the Court should deny Ayers' request for an evidentiary hearing.

Respectfully submitted,

Dave Yost
Ohio Attorney General


s/Maura O'Neill Jaite
Maura O'Neill Jaite (#0058524)
Senior Assistant Attorney General
Ohio Attorney General's Office
Criminal Justice Section
150 E. Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233 / (866) 485-4071 (fax)
maura.jaite@ohioattorneygeneral.gov
*Respondent's Attorney*

## CERTIFICATE OF SERVICE

On March 27, 2023, this Reply was electronically filed in the Court's CM/ECF system, which will distribute the notice to all parties and counsel of record.

<u>s/Maura O'Neill Jaite</u>
Maura O'Neill Jaite
Senior Assistant Attorney General